**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4017

JOHN ANTHONY FRILANDO, a/k/a
Chino Frilando,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-97-84)

Submitted: October 30, 1998

Decided: December 21, 1998

Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Wells Dickson, Jr., Charleston, South Carolina, for Appellant.
Alfred William Walker Bethea, Assistant United States Attorney,
Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Anthony Frilando pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841, 846 (1994), and was sentenced to 360 months' imprisonment. On appeal, Frilando challenges the district court's denial of his motion for specific enforcement of an agreement with the Government, or in the alternative, to continue sentencing. Frilando's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Frilando has filed a pro se supplemental brief. We dismiss this appeal for lack of jurisdiction because Frilando did not file a timely notice of appeal.

The notice of appeal in a criminal case must be filed in the district court within ten days of the entry of the judgment. See Fed. R. App. P. 4(b). Upon a showing of excusable neglect, the district court may extend the time for filing a notice of appeal for a period of no more than thirty days beyond the original appeal period. Id. These time limits are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The record reflects that the district court entered judgment against Frilando on October 16, 1997. Frilando did not file his notice of appeal until January 5, 1998, well beyond the ten-day appeal period. It is unclear from Frilando's notice of appeal whether he requested counsel to file a timely notice of appeal. To the extent that Frilando may hold his attorney responsible for the failure to file a timely notice of appeal, such a claim is appropriately raised in the context of a motion filed pursuant to 28 U.S.C. § 2255 (West 1994 & Supp. 1998), and does not remedy the tardiness of his notice.

Frilando's failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of Frilando's appeal. We therefore dismiss the appeal. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If

2

the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

<u>DISMISSED</u>

3